**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

DAVID NEIL FRAND                                            Case No. 12-15325-BKC-RBR
                                                             Chapter 7

_____Debtor  /
_____

**FINAL FEE APPLICATION OF MICHAEL A. BORKOWSKI, CPA AND AHEARN JASCO + COMPANY, P.A. AS ACCOUNTANTS FOR CHAPTER 7 BANKRUPTCY TRUSTEE, KENNETH A. WELT, OF DEBTOR, DAVID NEIL FRAND**
_____

1. Name of Applicant:    Michael A. Borkowski, CPA and Ahearn Jasco + Company, P.A.
2. Role of Applicant:    Accountants for Chapter 7 Bankruptcy Trustee
3. Name of Certifying Professional:    Michael A. Borkowski, CPA
4. Date Case Filed:    March 5, 2012 (D.E. #1)
5. Date of Application for Employment:    November 6, 2012 (D.E. #40)
6. Date of Order Approving Employment:    November 16, 2012 (D.E. #44)
7. Date of Disclosure of Compensation Form:  N/A
8. Date of this Application:    November 29, 2012
9. Date of Services Covered:    November 1, 2012 – November 28, 2012
10. Amount Trustee has on hand:    $11,629.67

**Fees…**

| | | |
|---|---|---|
| **11.** Total fee requested for this period (Exhibit 1) | $ | 1,243.50 |
| **12.** Balance remaining in fee retainer account, not yet awarded | $ | 0.00 |
| **13.** Fees paid or advanced for this period, by other sources | $ | 0.00 |
| **14.** Net amount of fee requested for this period | **$** | **1,243.50** |

**Expenses…**

**15.** Total expense reimbursement requested for this period (Exhibit 2)   $       0.00

**16.** Balance remaining in expense retainer account, not yet received   $       0.00

**17.** Expenses paid or advanced for this period, by other sources   $       0.00

**18. Net amount of expense reimbursements requested**

      **for this period**   $       **0.00**

**19.** Gross award requested for this period (#11 + #15)   $   1,243.50

**20. Net award requested for this period (#14 + #18)**   $   **1,243.50**

**21.** If <u>Final</u> Fee Application, amounts of net awards requested in

      interim Applications, but not previously awarded   $       N/A

**22. Final fee and expense award requested**   <u>$  1,243.50</u>

History of Fees and Expenses

1. Date, sources, and amounts of retainers received:                    None
2. Date, sources, and amounts of third party payments received:    None
3. Prior fee and expense awards:                                                    None

<b><u>FEE APPLICATION</u></b>

Michael A. Borkowski, CPA and Ahearn Jasco + Company, P.A. ("Ahearn Jasco" or the "Applicant"), as accountants to the Chapter 7 Bankruptcy Trustee, Kenneth A. Welt ("Trustee"), for the Debtor, David Neil Frand, applies for final compensation for services rendered and costs incurred in this Chapter 7 proceeding. This application is filed pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The Exhibits attached to this application, pursuant to the Guidelines, are:

      Exhibits "1-A" and "1-B" – Summary of Professional and Paraprofessional Time
      Exhibit "2" – Summary of Requested Reimbursement of Expenses
      Exhibit "3" – The Applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

The Applicant believes that the requested fee of $1,243.50 for 6.9 hours worked, is reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Circuit 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as more fully discussed hereinafter.

## I. SUMMARY OF AHEARN JASCO'S EFFORTS

1) The Trustee retained Ahearn Jasco in order to assist in the filing of any federal and state tax returns, as applicable. As discussed in further detail throughout this Fee Application and shown on the time entries attached as Exhibit 3, Ahearn Jasco most significant efforts related to the Debtors are as follows:

    a. *Tax Issues*: Ahearn Jasco was responsible for preparing the 2011 Form 1041 – *U.S. Income Tax Return for Estates and Trusts*. In order to accurately report the income and expenses of the Debtor, the Applicant had to research the nature of certain transactions, the property involved, and the implication to the estate.

| | |
|---|---|
| *Total Hours* | *5.2* |
| *Total Fees Requested* | *$886.50* |
| *Blended Hourly Rate* | *$170.48* |

2) Ahearn Jasco respectfully submits that it's efforts during the administration of the case have assisted the Trustee in winding down the affairs of the Debtor.

## II. RELIEF REQUESTED

3) By way of this Fee Application, Ahearn Jasco seeks a final award of accounting fees in the amount of $1,243.50 for services rendered throughout the case, for which no previous application has been made.

### III. FACTORS TO BE CONSIDERED

#### A. The Time and Labor Required

4) The time records and detail of services rendered as shown in Exhibit 3, demonstrate that Ahearn Jasco has dedicated 6.9 hours of time to serving the Trustee. All time has been broken down by category and professional pursuant to the Guidelines.

#### B. The Novelty and Difficulty of the Services Rendered

5) Ahearn Jasco's experience with tax preparation of estates and trusts as well as a general understanding of the bankruptcy process enabled the Applicant to timely and efficiently perform the necessary work needed to administer the estate.

#### C. The Skill Requisite to Perform the Services Properly

6) In order to properly serve the Debtor, Ahearn Jasco had to utilize it's judgment, knowledge, and experience in the field of bankruptcy and estate and trust tax accounting.

#### D. The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case

7) The commitment of time and resources in this case required the professionals and paraprofessionals of Ahearn Jasco to devote significant hours thereby reducing the amount of hours available to service other clients. However, acceptance of this engagement has not precluded Ahearn Jasco from any other employment opportunities to date.

#### E. The Customary Fee

8) The rates charged by Ahearn Jasco as set forth in Exhibit 3 are within the range charged by accountants in the Southern District of Florida of similar skill and knowledge and are the usual and customary rates charged for both debtor and non-debtor clients. Ahearn Jasco respectfully submits that the overall blended hourly rate of $180.22, including professionals and paraprofessionals, compares favorably to rates customarily charged within the district for cases of similar size and nature.

**F.  Whether the Fee is Fixed or Contingent**

9) The fee charged is based upon hourly rates pursuant to § 330 of the Bankruptcy Code. All fees are contingent based upon Court approval and, specific to this case, the recovery of assets able to pay administrative claims.

**G.  Time Limitations Imposed by the Client or Other Circumstances**

10) Ahearn Jasco was not imposed any time restrictions, but Ahearn Jasco respectfully submits to this Court that the work performed throughout this case has been handled in the most economical and efficient manner available in an effort to benefit the estate.

**H.  The Experience, Reputation, and Ability of the Professional**

11) Ahearn Jasco is a well established public accounting firm which has been serving it's clients for over 30 years in the South Florida area, specializing in corporate and individual taxation, auditing, mergers and acquisitions, litigation support, and bankruptcy. The shareholders of Ahearn Jasco have served on the board of several public companies, have been designated to numerous fiduciary roles for both it's clients and third parties, and continue to demonstrate the utmost ability in servicing it's clients. The quality of work and reputation throughout the community attests to the experience, reputation, and ability of Ahearn Jasco.

**I.  The Undesirability of the Case**

12) Ahearn Jasco did not find it undesirable to work with the Trustee on this case. His precise requests and open communication made it very desirable to continue the professional arrangement.

**J.  The Nature and Length of the Professional Relationship of the Client**

13) The nature and relationship of Ahearn Jasco and Kenneth A. Welt, as Chapter 7 Bankruptcy Trustee of the Debtor, extends only as far as of the date of Ahearn Jasco's employment in this case.

**K.  Awards in Similar Cases**

14) The amount applied for Ahearn Jasco is reasonable in terms of awards in cases of similar sizes, nature, and results obtained. The fees requested by Ahearn Jasco fall within the Guidelines of the Bankruptcy Code, which considers comparable services performed in similar bankruptcy cases within the community.

## IV. RESERVATION OF RIGHT TO SUPPLEMENT AND CONCLUSION

15) Ahearn Jasco reserves the right to supplemental the final fee application requesting awards for fees and costs that may have been inadvertently omitted.

Wherefore, Michael A. Borkowski, CPA and the accounting firm of Ahearn Jasco + Company, P.A., as accountants to the Chapter 7 Bankruptcy Trustee, request to be allowed final compensation in the amount of $1,243.50 as part of the costs and expense of administering the estate.

Respectfully Submitted,

Ahearn Jasco + Company, P.A.
190 SE 19th Avenue
Pompano Beach, FL 33068
Telephone: (954) 781-8800

By:  /s/ Michael A. Borkowski
    Michael A. Borkowski, CPA
    Michael.a.borkowski@ahearncpa.com

## EXHIBIT 1-A
*Summary of Professional and Paraprofessional Time*
*Total Per Individual*

| Name | Partner, Associate, or Paraprofessional | Year Licensed / No. of Years Worked | Total Hours | Average Hourly Rate | Fee |
|---|---|---|---|---|---|
| Michael Borkowski II, CPA, CFE, CIRA | Supervisor | 2008 | 0.90 | 260.00 | 234.00 |
| Matthew Maged, CPA | Associate | 2011 | 5.50 | 175.00 | 962.50 |
| Jennifer Pixton | Paraprofessional | 10 years | 0.50 | 94.00 | 47.00 |
| **Total** | | | **6.90** | | **$ 1,243.50** |
| Blended Hourly Rate | | | | | $ 180.22 |

# EXHIBIT 1-B
## *Summary of Professional and Paraprofessional Time*
## *Total Per Activity Code*

| Name | Rate | Time | Amount |
|---|---|---|---|
| **Activity Code - Fee/Employment Application** | | | |
| Borkowski II, Michael | 260 | 0.7 | 182.00 |
| Maged, Matthew | 175 | 1.0 | 175.00 |
| **Total - Fee/Employment Application** | | **1.7** | **357.00** |
| **Activity Code - Tax Issues** | | | |
| Borkowski II, Michael | 260 | 0.2 | 52.00 |
| Maged, Matthew | 175 | 4.5 | 787.50 |
| Pixton, Jennifer | 94 | 0.5 | 47.00 |
| **Total - Tax Issues** | | **5.2** | **886.50** |
| **Grand Total** | | **6.9** | **1,243.50** |

# EXHIBIT 2
*Summary of Requested Reimbursement of Expenses for this Time Period Only*

|   | Description | | | Amount |
|---|---|---|---|---|
| 1 | Filing Fees | | | $ - |
| 2 | Process Service Fees | | | $ - |
| 3 | Witness Fees | | | $ - |
| 4 | Court Reporter Fees and Transcripts | | | $ - |
| 5 | Lien and Title Searches | | | $ - |
| 6 | Photocopies | | | |
| | a | In-house copies | - @ $0.15/page | $ - |
| | b | Outside copies | - | |
| 7 | Postage | | | $ - |
| 8 | Overniight Delivery Charges | | | $ - |
| 9 | Outside Courier/Messenger Services | | | $ - |
| 10 | Long Distance Telephone Charges | | | $ - |
| 11 | Long Distance Fax Transmissions | | | $ - |
| 12 | Computerized Research | | | $ - |
| 13 | Out-of-Southern-District-of-Florida Travel | | | |
| | a | Transportation | | $ - |
| | b | Lodging | | $ - |
| | c | Meals | | $ - |
| 14 | Other Permissable Expenses | | | $ - |
| | **Total Expense Reimbursement Requested** | | | **$ -** |

# EXHIBIT 3
## *Detailed Professional and Paraprofessional Time*
## *Chronological Order by Activity*

| Employee | Date | Description | Rate | Time | Amount |
|---|---|---|---|---|---|
| **Acitivty Code - Fee/Employment Application** | | | | | |
| Borkowski II, Michael | 11/02/12 | PREPARE AFFIDAVIT AND MOTION TO EMPLOY ACCOUNTANTS | 260 | 0.7 | 182.00 |
| Maged, Matthew | 11/29/12 | PREPARE FINAL FEE APPLICATION | 175 | 1.0 | 175.00 |
| **Total - Fee/Employment Application** | | | | 1.7 | 357.00 |
| **Activity Code - Tax Issues** | | | | | |
| Maged, Matthew | 11/05/12 | ACCOUNTING UPDATE FOR 2012 FISCAL YEAR USING FORM 1 & 2 TO RECORD SALE OF ASSETS AND CASH ACTIVITY. PREPARE 2012 1040 TO REPORT SALE OF ASSET AND DEDUCTIONS. PREPARE 2012 1041. PREPARE PROMPT DETERMINATION LETTER AND SCHEDULE A DISCLOSURE ATTACHMENT. | 175 | 3.8 | 656.25 |
| Maged, Matthew | 11/07/12 | REVIEW AUCTION REPORTS TO DETERMINE IF AUCTION EXPENSES WERE PAID FROM THE ESTATE FOR THE SALE OF THE BVLGARI WATCH. AFTER REVIEWING REPORT PROVIDED BY DMS, DETERMINED THAT PAYMENT HAD NOT BEEN MADE. | 175 | 0.8 | 131.25 |
| Borkowski II, Michael | 11/07/12 | ANALYZE ISSUES REGARDING UNPAID AUCTIONEER COMMISSIONS AND EXPENSES FROM THE ESTATE. COMMUNICATE TO TRUSTEE OFFICE RE: PAYMENT | 260 | 0.2 | 52.00 |
| Pixton, Jennifer | 11/08/12 | ASSEMBLY OF TAX RETURN IN PREPARATION OF SENDING TO TRUSTEE | 94 | 0.5 | 47.00 |
| **Total - Tax Issues** | | | | 5.2 | 886.50 |
| **Grand Total** | | | | 6.9 | 1,243.50 |

## **CERTIFICATION**

1. I have been designated by Ahearn Jasco + Company, P.A. as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "Application").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement of the expenditures described in Exhibit 2, the Applicant is seeking reimbursement only for actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. The following are the variances with the provision of the Guidelines, the date of each court order approving the variance, and the justification for the variance: NONE.

                                                               By:  /s/ Michael A. Borkowski
                                                                  Michael A. Borkowski, CPA